95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Dominick LUCKETTE, Petitioner-Appellant,
v.
Charles RYAN; Grant Woods, Respondents-Appellees.
 No. 96-15505.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996.*
Decided Aug. 21, 1996.
 
 Before: CHOY, SKOPIL and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner pleaded no contest in state court to attempted first degree murder committed while on parole. He was sentenced pursuant to the terms of a plea agreement. After filing a direct appeal and four separate collateral petitions in state court, he sought federal habeas relief pursuant to 28 U.S.C. § 2254, contending that he was not represented by counsel at sentencing and that his conduct did not constitute a crime under state law. The district court denied relief, ruling that petitioner procedurally defaulted on the first claim and failed to raise a federal issue on the second claim. We affirm.
 
 
 3
 A state prisoner must generally exhaust state court remedies by presenting claims to the highest state court. Rose v. Lundy, 455 U.S. 509, 515 (1982). The district court reviewed petitioner's efforts to do so and concluded that the lack of counsel claim was not properly presented to the state supreme court, and that petitioner did not demonstrate cause and prejudice for the default or that a fundamental miscarriage of justice occurred. Petitioner argues strenuously that he attempted to present his claim to the Arizona Supreme Court. We need not decide whether he succeeded because even if we assume that his claim is not procedurally barred, petitioner has not demonstrated that he is entitled to federal habeas relief. Prior to sentencing, petitioner sought to dismiss his counsel and to proceed pro se. The state trial court allowed him to do so after finding that his waiver was knowingly, intelligently, and voluntarily made. See Faretta v. California, 422 U.S. 806, 835 (1975). The record supports that finding.
 
 
 4
 Petitioner also claims that his conduct did not constitute an offense under state law. We agree with the district court that this claim raises an alleged error in the interpretation or application of state law that is not cognizable in the federal forum. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The claim was therefore properly denied.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we affirm under the former version of 28 U.S.C. § 2254, we do not consider the applicability of the Antiterrorism and Effective Death Penalty Act of 1996